UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AMBER BERTLESMAN aka<br>AMBER FLECK<br><br>Defendant. | Case No. 4:15-cr-00229-BLW<br><br>**REPORT AND**<br>**RECOMMENDATION** |

On May 25, 2016, Defendant AMBER BERTLESMAN appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement (Dkt. 16). The Defendant executed a waiver of the right to have the presiding United States District Judge take her change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the applicable Indictment (Dkt. 1), the maximum penalties applicable, her Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds that there is a factual basis for the Defendant's guilty plea, that she entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-

**REPORT AND RECOMMENDATION - 1**

sentence investigation to be conducted and a report prepared by the United States Probation Office.

Because the offense to which Defendant entered her guilty plea is an offense in a case described in subparagraph (C) of subsection (f)(1) of Section 3142 in Title 18 of the United States Code, subjecting Defendant to detention upon a finding of guilt under Section 3142(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.  After Defendant's plea of guilty to Count 4,  the Government deferred to the Court's determination under Section 3145(c) while noting there had been no concerns reported to the Government regarding Defendant's compliance with pretrial release conditions.

In this case, as proffered by Defendant's counsel, Defendant voluntarily surrendered once she learned of the pending case. She initially resided with her mother, who agreed to act as third party custodian, and obtained local employment. She has obtained and maintained employment during pretrial release sufficient to provide for herself and to contribute to the support of her children. She has been compliant with all terms of pretrial release and, with the assistance of pretrial services, will soon begin drug treatment along with her participating in testing for prohibited substances.  There have been no positive drug tests while on pretrial release. In May of 2016, Defendant secured funding for housing in Idaho Falls, Idaho, and secured other employment. Since her move, Defendant has continued her compliance with the terms of pretrial release but also

REPORT AND RECOMMENDATION - 2

was a victim of a battery in Madison County that requires reconstructive surgery in the near future to correct disfigurement caused by the injury she sustained and will require her testimony in connection with charges pending against the alleged perpetrator of that offense.

The Court finds that the above circumstances, taken collectively, constitute clear and convincing evidence that Defendant is not likely to flee or pose a danger to the community if release is continued pending sentencing. Further, the Court finds detention pending sentencing would unduly disrupt the treatment of Defendant's medical condition, as well as Defendant's progress in her drug treatment program, her employment, and her ability to carry out and contribute to ongoing family responsibilities.

## RECOMMENDATION

**NOW THEREFORE IT IS HEREBY RECOMMENDED:**

1)      The District Court accept Defendant AMBER BERTLESMAN's plea of guilty to Count 4 of the Indictment (Dkt. 1),

2)      The District Court **GRANT**, at the appropriate time, the United States' motion to dismiss Counts 1, 2, and 3 of the Indictment (Dkt. 1) as to Defendant.

3)      The District Court continue Defendant's release subject to the Order Setting Conditions of Release, as modified. (Dkt. 11, 15, 17.)

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a

**REPORT AND RECOMMENDATION - 3**

result of failing to do so, that party may waive the right to raise factual and/or legal

objections to the United States Court of Appeals for the Ninth Circuit.

DATED: May 25, 2016

CANDY WAGAHOFF DALE
U.S. MAGISTRATE JUDGE

**REPORT AND RECOMMENDATION - 4**